## IN RE: TARGET CORPORATION CUSTOMER DATA SECURITY BREACH LITIGATION.

### MDL No. 2522.

United States Judicial Panel on Multidistrict Litigation.

Filed April 2, 2014.

Before JOHN G. HEYBURN II, Chairman, CHARLES R. BREYER, SARAH S. VANCE, and ELLEN SEGAL HUVELLE, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:\*** In three separate motions, plaintiffs in three actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in various districts, including the Middle District of Louisiana, the Eastern District of Louisiana, the Northern District of Illinois, the

Central District of California, the Southern District of Florida, or the District of Minnesota. This litigation currently consists of 33 actions pending in eighteen districts as listed on Schedule A.[1]

All parties agree that centralization is warranted, but disagree about the most appropriate transferee district. Plaintiffs in more than 50 actions and potential tag-along actions have responded to the motions, and they variously argue in support of centralization in the Middle District of Louisiana, the Eastern District of Louisiana, the Northern District of Illinois, the Central District of California, the Southern District of Florida, the District of Minnesota, the Southern District of Illinois, the District of Colorado, the Southern District of California, the Northern District of California, or the Eastern District of New York. Common defendant Target Corp. (Target) supports centralization in the District of Minnesota.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a data security breach at stores owned and operated by Target between November 27, 2013, and December 15, 2013. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources

---

\* Judge Marjorie O. Rendell and Judge Lewis A. Kaplan did not participate in the disposition of this matter. Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

1. An additional action was included in the motions for centralization, but has been dismissed without prejudice.

The Panel has been notified of 71 related actions pending in 35 district courts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

of the parties, their counsel, and the judiciary.

We are persuaded that the most appropriate location for this litigation is the District of Minnesota. Target is headquartered in that district, where 25 actions and potential tag-along actions are pending. All actions in the district are pending before Judge Paul A. Magnuson, a jurist with extensive experience in multidistrict litigation. Moreover, the District of Minnesota is easily accessible and relatively centrally located for the parties to this litigation, which is nationwide in scope.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Paul A. Magnuson for coordinated or consolidated pretrial proceedings in that district.

## SCHEDULE A

MDL No. 2522 — **IN RE: TARGET CORPORATION CUSTOMER DATA SECURITY BREACH LITIGATION**

*Central District of California*

*KLEIN V. TARGET CORPORATION, ET AL.,* C.A. No. 8:13–01974

*Northern District of California*

*KIRK V. TARGET CORPORATION,* C.A. No. 3:13–05885

*WREDBERG V. TARGET CORPORATION,* C.A. No. 3:13–05901

*GUZMAN, ET AL. V. TARGET CORPORATION,* C.A. No. 3:13–05953

*Southern District of California*

*BOHANNON V. TARGET CORPORATION,* C.A. No. 3:13–03139

*District of Colorado*

*COUNCIL V. TARGET CORPORATION,* C.A. No. 1:13–03479

*Middle District of Florida*

*CRUZ V. TARGET CORPORATION,* C.A. No. 8:13–03200

*KWAN V. TARGET CORPORATION, ET AL.,* C.A. No. 8:13–03252

*Southern District of Florida*

*GRAY V. TARGET CORPORATION,* C.A. No. 0:13–62769

*Northern District of Illinois*

*IN RE: TARGET CORPORATION CUSTOMER SECURITY BREACH LITIGATION,* C.A. No. 1:13–09070

*MCCARTER V. TARGET CORPORATION,* C.A. No. 1:13–09147

*NOVAK, ET AL. V. TARGET CORPORATION,* C.A. No. 1:13–09165

*MCPHERSON V. TARGET CORPORATION,* C.A. No. 1:13–09188

*ELLIS V. TARGET CORPORATION,* C.A. No. 1:13–09232

*VASQUEZ, ET AL. V. TARGET CORPORATION, ET AL.,* C.A. No. 1:13–09279

*Southern District of Illinois*

*SWITZER, ET AL. V. TARGET CORPORATION,* C.A. No. 3:13–01319

*Eastern District of Louisiana*

*HAWKINS V. TARGET CORPORATION,* C.A. No. 2:13–06770

*Middle District of Louisiana*

*LAGARDE V. TARGET CORPORATION OF MINNESOTA, ET AL.,* C.A. No. 3:13–00821

**1340**

*District of Massachusetts*

*TIRADO V. TARGET CORPORATION, ET AL.,* C.A. No. 1:13–13212

*HELLER V. TARGET CORPORATION,* C.A. No. 1:13–13257

*DERBA V. TARGET CORPORATION,* C.A. No. 1:13–13267

*District of Minnesota*

*HORTON V. TARGET CORPORATION, ET AL.,* C.A. No. 0:13–03583

*BURKSTRAND, ET AL. V. TARGET CORPORATION,* C.A. No. 0:13–03593

*ALONSO III V. TARGET CORPORATION,* C.A. No. 0:13–03601

*ASHENFARB, ET AL. V. TARGET CORPORATION,* C.A. No. 0:14–00010

*SAVEDOW V. TARGET CORPORATION,* C.A. No. 0:14–00054

*Eastern District of Missouri*

*RANSOM, ET AL. V. TARGET CORPORATION, ET AL.,* C.A. No. 4:13–02591

*Eastern District of New York*

*SHANLEY, ET AL. V. TARGET CORPORATION,* C.A. No. 2:13–07279

*District of Oregon*

*PURCELL V. TARGET CORPORATION,* C.A. No. 3:13–02274

*District of Rhode Island*

*KNOWLES, ET AL. V. TARGET CORPORATION,* C.A. No. 1:13–00793

*District of Utah*

*ROTHSCHILD, ET AL. V. TARGET,* C.A. No. 1:13–00178

*Western District of Washington*

*SYLVESTER V. TARGET CORPORATION,* C.A. No. 2:13–02286